## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **GRANT M. SWEET**, | **2:21-CV-10875-TGB-APP** |
| Petitioner, | |
| v. | **ORDER DISMISSING DEFENDANT'S PETITION FOR WRIT OF HABEAS CORPUS** |
| **CHANDLER CHEEKS**, | **(ECF NO. 1)** |
| Respondent. | |

This matter is before the Court on Petitioner Grant M. Sweet's pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §§ 2241, 2254. Petitioner seeks release from state custody due to the safety risks posed by the COVID-19 pandemic. At the time he filed this petition, Petitioner was confined at the Thumb Correctional Facility in Lapeer, Michigan. Pet., ECF No. 1. PageID.3. Petitioner initially filed his habeas petition in the United States District Court for the Western District of Michigan in April 2021, but the case was subsequently transferred to this Court. ECF No. 2. The case was not previously screened due to an administrative error. Upon screening, however, the Court now believes that Petitioner has been released from state custody. On October 26, 2022, the Court searched for Petitioner's name and self-provided prisoner identification number via the Michigan Department of Corrections

1

Offender Tracking Information System ("OTIS"). The Court could not identify any OTIS information on Petitioner, meaning he is not currently incarcerated. Consequently, and for the reasons stated below, the Court concludes that Petitioner's habeas petition must be summarily dismissed.

## II. DISCUSSION

### A. Petitioner's Request for Habeas Relief Is Moot

First, the habeas petition must be dismissed because it has become moot. Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. *United States v. Juv. Male*, 564 U.S. 932, 936 (2011). Throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If an event after the filing of a lawsuit "deprive[s] the court of the ability to give meaningful relief, then the case is moot and must be dismissed." *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004) (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

Similarly, a claim becomes moot when the party seeking relief has obtained the relief requested. *Deakins v. Monaghan*, 484 U.S. 193, 198–

99 (1988); *Thomas Sysco Food Servs. v. Martin*, 983 F.2d 60, 62 (6th Cir. 1993); *Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (explaining that a habeas claim is moot when the petitioner has been released from custody).

A court may raise the jurisdictional issue of mootness on its own at any time. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions.'" (citations omitted)); *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) ("Questions of jurisdiction are fundamental matters which [a court] may review sua sponte.").

As discussed, it appears that Petitioner is no longer in MDOC custody. While a petitioner need not be physically incarcerated to obtain habeas relief, they must be presently suffering under "restraint from a conviction." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). But as addressed below, Petitioner has failed to keep the Court apprised of key changes, making it impossible to discern whether Petitioner should still be considered "in custody" for habeas purposes. Furthermore, because Petitioner has sought only release from custody through his habeas petition, there is no further relief the Court can grant. *See* ECF No. 1, PageID.1–2. The habeas petition must therefore be dismissed as moot.

3

## B. Alternatively, Petitioner's Case Must Be Dismissed for Failure to Prosecute

Second, even if the case is not moot, it is subject to dismissal because of Petitioner's failure to prosecute. This District's Local Rule 11.2 authorizes the Court to dismiss a case based upon a party's failure to keep the Court apprised of address changes and updated contact information. Local Rule 11.2 states:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

Pro se litigants have the same obligation as an attorney to notify the court of an address change. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988); *see also Thompkins v. Metrish*, No. 2:07-CV-12, 2009 WL 2595604, *1 n.1 (W.D. Mich. Aug. 20, 2009) ("'[Petitioner] has the duty to inform the court of any address changes,' and it is not incumbent upon this Court or its staff to keep track of Petitioner's current address." (quoting *Kelly v. Wal-Mart, Inc.*, No. 7:07-CV-0089, 2007 WL 2847068, *1 (N.D.N.Y. Sept. 26, 2007))); *Watsy v. Richards*, No. 86–1856, 1987 WL 37151, *1 (6th Cir. Apr. 20, 1987) (affirming dismissal based on failure to prosecute where the plaintiff "failed to provide the district court with information

4

regarding his current address").

Additionally, Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss a case based on the "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." And this District's Local Rule 41.2 permits the court to dismiss a case "when it appears that . . . the parties have taken no action for a reasonable time." The Court may thus dismiss a civil action for failure to prosecute under several rules. *See Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Here, Petitioner has not provided the Court with updated contact information during the case's 18-month pendency. He has thus failed to comply with the foregoing rules, and his case is subject to dismissal. Therefore, even setting aside mootness concerns, the habeas petition must also be dismissed for failure to prosecute.

### III. CONCLUSION

For the reasons stated above, this case must be dismissed as moot and/or for failure to prosecute. Accordingly, the petition for a writ of habeas corpus is **DISMISSED** without prejudice.

As a final matter, before Petitioner may appeal, the Court must issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). But a COA may be issued only if the petitioner

makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds, a COA should issue if jurists of reason could debate whether the petitioner states a valid claim of the denial of a constitutional right, and whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling here. Accordingly, the Court **DENIES** issuance of a COA.

Relatedly, the Court concludes that an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Therefore, the Court **DENIES** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

Dated: October 27, 2022     s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE